**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MERALY ROMERO RIVERA,**

      **Plaintiff,**

**v.**                                                              **Case No:   6:17-cv-2021-Orl-41KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. No. 19)**
>
> **FILED:**     **January 3, 2019**

    Plaintiff, Meraly Romero Rivera, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  A final judgment reversing the decision below was entered on October 26, 2018.  Doc. No. 18.  Counsel for Plaintiff represents that the Commissioner does not object to the relief requested.  Doc. No. 19, at 2.

    Plaintiff through Richard A. Culbertson, Esq., her counsel of record, seeks an award of $3,389.08 in EAJA fees.  *Id.* at 1.  The fee request covers 0.9 hours of work performed by Attorney Culbertson in 2017 and 0.4 hours of work performed by him in 2018.  *Id.* at 10.  It also includes 0.8 hours of work performed by Sarah Fay, Esq., in 2017 and 7.5 hours of work performed by her

in 2018. *Id.* at 11. Finally, it includes 20 hours of work performed by paralegal Michael Culbertson in 2018. *Id.* at 12.

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). Based on calculations of the cost-of-living adjustment using the CPI, Attorney Culbertson requests fees at the rate of $196.78 per hour for the work performed by him and Attorney Fay in 2017 and 2018. Doc. No. 19, at 6. He provides an analysis of the cost-of-living adjustment using the CPI. *Id.* at 6–7. Independent calculations show that the average adjusted hourly rates for 2017 and 2018 are $196.78[2] and $200.78,[3] respectively. Based on the cost-of-living adjustment, the rates requested do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996. 28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] This figure is calculated by taking the "Annual" CPI rate for 2017 and subtracting from it the March 1996 rate (245.120 – 155.7 = 89.42) and then dividing that number by the March 1996 rate (89.42 ÷ 155.7 = 0.5743). These calculations result in the cost-of-living percentage increase from March 1996 through 2017. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5743 × 125) + 125 = 196.78). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited January 9, 2018).

[3] This figure is calculated by taking the "HALF1" CPI rate for 2018 (250.089) and then subtracting from it the March 1996 rate (250.089 – 155.7 = 94.389) and then dividing that number by the March 1996 rate (94.389 ÷ 155.7 = 0.6062). These calculations result in the cost-of-living percentage increase from March 1996 through June 2018. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.6062 × 125) + 125 = 200.78). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited January 9, 2018).

The United States Court of Appeals for the Eleventh Circuit has recognized that fees for work by a paralegal may be recovered under the EAJA, to the extent that the paralegal performs work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Under the EAJA, the amount of fees awarded to non-attorneys shall be based on the prevailing market rates for the kind and quality of the services furnished. 28 U.S.C. § 2412(d)(2)(A). The summary of the work Paralegal Culbertson performed reflects that he performed work traditionally done by an attorney. Doc. No. 19, at 12. Attorney Culbertson seeks a rate of $75.00 per hour for the work of Paralegal Culbertson. In the absence of objection, I recommend that the Court find that this rate is reasonable in Central Florida.

I also recommend that the Court find that the total number of hours worked by each of the legal professionals in this case is reasonable in the absence of objection.

Finally, I note that Plaintiff signed a document in which she assigned any fees awarded under the EAJA to her counsel. Doc. No. 19-1. Plaintiff represents that the parties have agreed that the Commissioner may, in her discretion, accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel, assuming that the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt. Doc. No. 19, at 2. Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel but permit the Commissioner to do so in her discretion, as the parties propose.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Uncontested Motion for Attorney's Fees (Doc. No. 19), and **ORDER** the Commissioner to pay Plaintiff attorney's fees in the amount of $3,389.08.[4]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 10, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] Calculated as follows: (9.6 hours worked by Attorneys Culbertson and Fay in 2017 and 2018 x $196.78 per hour = $1,889.09) + (20 hours worked by Paralegal Culbertson in 2018 x $75.00 per hour = $1,500.00) = $3,389.09.  Because Plaintiff requests only $3,389.08, that is the amount I recommend that the Court award.